# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 20-1957**

---

SAMUEL JONES,

        Plaintiff - Appellant,

    v.

TOWN OF SPRING LAKE, NC,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cv-00385-D)

---

Submitted:  April 7, 2022                        Decided:  May 10, 2022

---

Before WILKINSON, RICHARDSON, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Walter L. Bowers, Jr., Lawrence Wooden, WOODEN BOWERS VINSON, PLLC, Charlotte, North Carolina, for Appellant.  Katie W. Hartzog, Michael B. Cohen, HARTZOG LAW GROUP LLP, Cary, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Jones appeals the district court's order granting the Town of Spring Lake's ("the Town") motion for summary judgment on Jones' claim that he was wrongfully terminated based on his prior military service, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335.[1] Jones contends that the district court (1) made a material factual error by finding that the same Town Manager supervised Jones throughout his employment with the Town; and (2) abused its discretion by admitting affidavits from witnesses who were not disclosed during discovery. We affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial*

---

[1] Jones' opening brief does not challenge the district court's denial of his claim that he was subjected to a hostile work environment or his claim that he was discriminated against on the basis of his political affiliations. Accordingly, Jones has forfeited appellate review of these issues. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

*Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

USERRA provides, in relevant part, that a person who serves or has served in a uniformed service "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer" on the basis of that service. 38 U.S.C. § 4311(a). To succeed on a USERRA claim, a servicemember must show:

> (1) that his employer took an adverse employment action against him;
> (2) that he had performed, applied to perform, or had an obligation to perform as a member in a uniformed service; and (3) that the employer's adverse action was taken on the basis of that service, such that the service was a motivating factor in the action.

*Kitlinski v. U.S. Dep't of Just.*, 994 F.3d 224, 229 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 778 (2022); *see also* 38 U.S.C. § 4311(c). "If the employee establishes that his military status was a motivating factor in the employer's decision, USERRA then shifts the burden of proof to the employer, allowing the employer to avoid liability only if 'the employer can prove that the action would have been taken in the absence of' the employee's military status." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312 (4th Cir. 2001) (quoting 38 U.S.C. § 4311(c)).

3

On appeal, Jones correctly observes that the district court made an error in its findings of fact by finding that Daniel Gerald served as Town Manager when Jones was hired and throughout Jones' employment. In fact, it is uncontested that Jones was hired on August 8, 2016, and Gerald was not hired until January 8, 2018. Gerald fired Jones on February 26, 2018, approximately six weeks after Gerald began his job as Town Manager. According to Jones, this factual error was material because it led the district court to wrongly conclude that Gerald was an independent decisionmaker without fully analyzing Jones' theory that Gerald's decision to fire Jones was significantly influenced by the Town's Board.

Following a review of the record, we conclude that the district court's factual error was harmless because—even assuming that Gerald's decision to fire Jones was influenced by the Board—the court correctly found that Jones' military service was not a motivating factor behind the decision. *See Kitlinski*, 994 F.3d at 229. At most, Jones' evidence establishes that a few individual Board members had negative feelings about Town employees who had previously served in the military. However, "[a]lthough discriminatory motivation under USERRA can be inferred by an employer's expressed hostility towards servicemembers protected by the Act, the discriminatory animus must nonetheless be connected in some way to the adverse employment action." *Harwood v. Am. Airlines, Inc.*, 963 F.3d 408, 415-16 (4th Cir. 2020). Here, there is not a sufficient connection between the Board members' expressed hostility and the adverse employment action. Moreover, even if Jones could establish that antimilitary bias was a motivating

factor behind his termination, the Town established beyond dispute that it would have fired Jones even in the absence of his military status. *See Hill*, 252 F.3d at 312.

Jones next claims that the district court abused its discretion by admitting affidavits from two Board members who were not disclosed during discovery.[2] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We have identified five factors to guide a district court's analysis in determining whether a nondisclosure was substantially justified and/or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "Notably, a district court is not *required* to tick through each of the *Southern States* factors, and retains broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (cleaned up).

---

[2] Jones also argues for the first time on appeal that the Town submitted an affidavit from Jay Graves—the person who was hired to replace him after he was fired—without disclosing Graves' name during discovery. We conclude that Jones cannot raise this claim for the first time on appeal. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) ("[T]his Court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (cleaned up)). In any event, Jones does not claim that he was harmed by the admission of this affidavit.

Jones contends that he was harmed by the admission of the affidavits because both undisclosed Board members quoted a third party as having stated that Jones was not present often enough to do his job, and Jones claims that he did not have sufficient time to obtain a rebuttal affidavit from the third party. However, the record reveals that at least two other witnesses who *were* disclosed during discovery attested to the exact same third-party statement. Accordingly, Jones does not appear to have been harmed by the nondisclosure, and the district court thus did not abuse its "broad discretion" in admitting the affidavits. *See id.*

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*